# UNITED STATES DISTRICT COURT
### For The
### DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 19 2017

JEFFREY P. COLWELL
CLERK

Plaintiff

David H. Hanson, Pro Se

2077 Windham Way

Colorado Springs, CO 80906

(719) 351-3043

Docket Number: _____

Jury Trial - Yes

V

Defendants:

Bosley & Bratch, Inc., dba Bosley & Bratch

Ralph Judson Bratch, Registered Agent

1401 Court Street Suite 200

Clearwater, FL 33756 - 800-953-6224

COMPLAINT

Bosley & Bratch, P.C., dba Bosley & Bratch

Ralph Judson Bratch, Registered Agent

1401 Court Street Suite 200

Clearwater, FL 33756   800-953- 6224

Ralph Judson Bratch, Attorney at Law,

dba Bosley & Bratch -- Primary Attorney

individually and corporately

**COMPLAINT FOR A CIVIL CASE**

**ALLEGING NEGLIGENCE**

28 U.S.C. § 1332;

**Diversity of Citizenship**

1401 Court Street, Suite 200

Clearwater, FL 33756 - 800-953-6224


Theodore Jarvi, Attorney At Law

Jarvi & Bratch, Inc., P.C and Bosley & Bratch,

Inc. & Bosley & Bratch (Trade Name)

And Individually.

1401 Court Street, Suite 200

Clearwater, FL 33756 - 800-953-6224


Richard Palmatier, Jr. Attorney at Law

Arizona Registered Agent and

Plaintiff Representative

1050 Southern Avenue, A-3

Tempe, Arizona  85282 - 480-656-6238

## COMPLAINT FOR A CIVIL CASE ALLEGING NEGLIGENCE
(28 U.S.C. § 1332; Diversity of Citizenship)

INTRODUCTION

   Comes now Plaintiff, David H. Hanson, Pro Se, a resident of Colorado Springs, Colorado.  Plaintiff and Defendant entered into a contract where a duty was established.  Plaintiff complains the Defendant breached that duty, acted negligently, omitted duty to Plaintiff causing damages while representing Plaintiff.

## JURISDICTION

Plaintiff is a resident of the State of Colorado and each of the Defendant(s) live or are domiciled in the State of Florida or the State of Arizona. Diversity of Citizenship has been established. The issue is a Federal question. 28 U.S.C. § 1332(a), 28 U.S. Code § 1331

## PARTIES TO THIS COMPLAINT

All Defendant(s), corporate and/or individual, entered into duty by contract and entered into corporate and individual negligence, omission, and breach of duty causing Plaintiff damage by loss of opportunity to continue a compensation claim and permanent and unrecoverable financial loss of compensation from the Veterans Administration, (VA). Defendant(s) operated at times as Bosley & Bratch, Inc., Bosley & Bratch, P.C., under the trade name of Bosley & Bratch and individually.

1. Bosley & Bratch, Inc. Ralph J. Bratch "Registered Agent" acting as a corporation and as a dba Bosley & Bratch, is the designated corporate and dba entity overseeing the Plaintiff's claim and Defendant(s) operations. From time to time, Ralph J. Branch referred to himself as primary counsel, attorney/manager or other functionary for Plaintiff's claim, practicing law in the state of Florida with an address in Florida.

2. Bosley & Bratch, P.C., Ralph J. Bratch, "Registered Agent" practicing law in the state of Florida and Arizona with an address in Florida where the Defendant is domiciled. At times referred to as overseeing the Plaintiff's claim and Defendant(s) operations.

3. Ralph J. Bratch, Attorney at Law, sole owner/shareholder of Bosley & Bratch, inc., Bosley & Bratch, PC., dba Bosley & Bratch individually, primary counsel overseeing the Plaintiff's claim and Defendant(s) actions.

4. Theodore Jarvis, Arizona Attorney, formerly of Jarvi & Bratch P.C. and dba Bosley & Bratch and Jarvi & Bratch (believed retired). Primary counsel for Plaintiff.

5. Richard Palmatier, Jr., attorney of record for Plaintiff's claim with the Veteran's Benefit Administration (VBA). Defendant practices law and resides in the state of Arizona. Statutory Agent for Bosley & Bratch, P.C. and dba as Jarvi & Bratch and Bosley & Bratch.

6.

## BACKGROUND TO COMPLAINT - Rule 8 FRCP

In or about 08/30/2007, with the urging of Plaintiff's psychiatrist, Plaintiff filed a disability claim with the Veteran's Administration (VA) for compensation reserved for Veterans who received injury or other debilitating effects during active military service. Plaintiff's psychiatrist believed the Plaintiff's condition was the direct result of his military service and deserved compensation.

Under directives of the VA and the Veteran's Benefits Association (VBA), the government agency in charge of working the claim, a Veteran is to personally file a disability claim for monthly compensation benefits and wait for a decision from the VA/VBA. If denied, as was the Plaintiff's claim, Plaintiff is to secure the services of a competent attorney for representation. Routinely, the VA/VBA rejects an initial claim resulting in the need for representation by competent legal counsel no matter the issue.

Competent legal counsel was sought locally and an agreement entered into for representation. After Counsel worked on the case, he determined he could no longer fulfill Plaintiff's needs as the process was beyond his expertise and requested a release from his contract which was agreed to. All files, extensions and/or appeals had been filed with the VBA and were current and in order. To assist further, Counsel provided the Plaintiff with names of four nationally known and reputable firms who had a greater depth of knowledge than he for additional assistance.

Plaintiff reviewed Defendant(s) record as represented on the Jarvi & Bratch web site which offered the standards desired and a firm who had handled many previous claims. This convinced the Plaintiff that Defendant(s) were able and competent to handle the Plaintiff's needs. Plaintiff contacted Jarvi & Bratch for the purpose of engaging their services.

On or about December 15, 2014, after review of all previous work and potential of securing compensation, Defendant(s) found sufficient grounds to accept the Plaintiff's claim for compensation from the VA through the VBA. Plaintiff and Defendant(s) entered into a written representation agreement, a contract where duty was established.

On or about December, 2016, while representing the Plaintiff, Defendant(s) breached their duty by failure to make a timely response to the VBA and Plaintiff's case was closed resulting in damages. Despite Defendant(s) request, VBA would not reopen the case.

## COMPLAINT

Under a contract establishing duty between Defendant(s) and Plaintiff, Defendant(s) breached their duty by negligence and caused, by negligence and omission, Plaintiff's

VA compensation claim to be closed.  Defendant(s) were not allowed to reopen the claim causing Plaintiff permanent damages and financial loss. - Rule 8, FRCP, FRCP Rule 11(b) (3).

1. Defendant(s) established duty by contract to represent Plaintiff in a compensation claim with the VA through the VBA due to a disability begun while actively serving in the US Army.
2. Defendant(s) breached their duty by negligently failing to file a timely response to the VBA by omission causing damage to the Plaintiff with no option to reopen the claim for VA compensation.
3. Defendant(s) breach of duty, negligence, causation and omission caused the closure of Plaintiff's claim. Plaintiff is damaged by no longer having an option to seek compensation from the VA.
4. Defendant(s) breach of duty, negligence, causation and omission caused Plaintiff unrecoverable financial loss in compensation from the VA in the amount of $944,838.24.
5. Defendant(s) upheld and believed the compensation claim would prevail which is evidenced by their continued work on the disability claim of Plaintiff.
6. Defendant(s) failed to behave with the level of care that someone of ordinary prudence would have exercised under the same circumstances.

## ACTUAL DAMAGE

Plaintiff makes this MOTION and prays this Honorable Court or Jury to award the Plaintiff an amount of $944,638.24 for actual monetary damages by the breach of duty,

negligence, causation and omission resulting in not receiving compensation from the Veterans Administration, plus costs of court and attorney fees.

## PUNITIVE DAMAGES – MOTION

Plaintiff makes this MOTION and prays this Honorable Court or Jury award the monetary sum of $944,638.24 as Punitive Damages for the breach of duty, negligence, causation and omission causing Plaintiff's inability to maintain the Veteran's claim.

## Rule D.C.COLO.LCivR 3.2.

Plaintiff is not aware of any case as required to be filed in accordance with Rule D.C.COLO.LCivR 3.2.

## JURY TRIAL

Plaintiff hereby demands a trial by jury

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully,

*[signature]*

David H. Hanson, Plaintiff, Pro Se

Signed this 14th day of June, 2017

# CERTIFICATE OF SERVICE

Due to the Plaintiff filing the "APPLICTION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS" (AO 239), if granted, service will be fulfilled by the Clerk of this Honorable Court by the US Marshall's Office (or other approved manner) on behalf of Plaintiff.