IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01489-PAB

DAVID H. HANSON,

    Plaintiff,

v.

BOSLEY AND BRATCH, INC., doing business as Bosley and Bratch,
BOSLEY AND BRATCH, P.C., doing business as Bosley and Bratch,
RALPH JUDSON BRATCH, in his individual capacity and as an Attorney at Law, Registered Agent doing business as Bosley and Bratch,
THEODORE JARVI, in his individual capacity and as an Attorney at Law, Jarvi and Bratch, Inc., P.C. and Bosley and Bratch, Inc., and Bosley and Bratch (Trade Name), and
RICHARD PALMATIER, JR., Attorney at Law, Arizona Registered Agent and Plaintiff Representative,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the amended complaint [Docket No. 27] filed by plaintiff David H. Hanson. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 2671-80 and 1332. Docket No. 27 at 1-2, ¶¶ 1, 9.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff first invokes a portion of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, as a basis for jurisdiction. Docket No. 27 at 1-2, ¶ 1. None of the cited statutory sections provides a basis for jurisdiction over plaintiff's professional negligence claim against private parties. Under the FTCA, a plaintiff can sue the United States for torts, 28 U.S.C. § 2674, and this Court has original jurisdiction over such claims, 28 U.S.C. § 1346(a), but neither the United States nor any of its agencies is a defendant in this lawsuit. *See* Docket No. 27 at 1.

Plaintiff also invokes 28 U.S.C. § 1332(a) as the basis for this Court's diversity jurisdiction. Docket No. 27 at 2, ¶ 9.[1] Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff or defendants or regarding the amount in controversy.

The amended complaint states that plaintiff is a "resident in the state of Colorado." Docket No. 27 at 2, ¶ 3. However, domicile, not residency, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)). Moreover, plaintiff's amended complaint contains no allegations regarding the citizenship of defendants. *See* Docket No. 27 at 2, ¶¶ 3-7. Nor does the complaint contain any allegations from which the Court could infer that the amount in controversy exceeds $75,000. *Id*. at 4. Therefore, the Court is unable to determine whether it has subject matter jurisdiction over plaintiff's claim. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts

---

[1] Plaintiff also cites 28 U.S.C. § 1332(b), but it is a cost-shifting provision that does not provide a basis for jurisdiction. *See* Docket No. 27 at 1-2, ¶ 1.

essential to show jurisdiction.") (citations and internal quotation marks omitted).

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on December 7, 2017**, plaintiff David H. Hanson shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED November 21, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge