IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01489-PAB

DAVID H. HANSON,

    Plaintiff,

v.

BOSLEY AND BRATCH, INC., doing business as Bosley and Bratch,
BOSLEY AND BRATCH, P.C., doing business as Bosley and Bratch,
RALPH JUDSON BRATCH, in his individual capacity and as an Attorney at Law, Registered Agent doing business as Bosley and Bratch,
THEODORE JARVI, in his individual capacity and as an Attorney at Law, Jarvi and Bratch, Inc., P.C. and Bosley and Bratch, Inc., and Bosley and Bratch (Trade Name), and
RICHARD PALMATIER, JR., Attorney at Law, Arizona Registered Agent and Plaintiff Representative,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court on the Response to Order to Show Cause [Docket No. 37] filed by plaintiff David H. Hanson. Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 37-1 at 1-2, ¶ 1.[1]

Plaintiff attaches a draft second amended complaint to his response. Docket No. 37-1. Plaintiff has made no motion to amend his complaint and, regardless, plaintiff's jurisdictional allegations remain defective. First, neither the draft complaint nor

---

[1] Plaintiff claims that the United States District Courts have "exclusive" jurisdiction based on 28 U.S.C. § 1332(a). This is incorrect. Diversity jurisdiction is not exclusive. See 28 U.S.C. § 1441(a) ("may be removed").

plaintiff's response contains jurisdictional allegations regarding defendant Bosley and Bratch, Inc. See Docket Nos. 37, 37-1.

Second, plaintiff does not identify the state of incorporation of defendant Bosley and Bratch, P.C. and, therefore, the Court cannot determine the corporation's citizenship. Docket No. 37-1 at 2, ¶ 4; 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Third, plaintiff states his allegations regarding the citizenship of the individual defendants "upon information and belief." Docket No. 37-1 at 2 ¶¶ 5-7. The Court reads plaintiff's averments of the citizenship of the individual defendants to mean that plaintiff does not have affirmative knowledge of the individual defendants' citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. See Yates v. Portofino Real Estate Props. Co., LLC, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); U.S. Fire Ins. Co. v. Pinkard Constr. Co., No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009) (allegations made on information and belief "mean that plaintiffs have no affirmative knowledge of a lack of diversity").

Fourth, plaintiff's response "asserts that he is a citizen of the State of Colorado," Docket No. 37 at 1, ¶ 2, but the draft complaint alleges that plaintiff is a "resident in the state of Colorado." Docket No. 37-1 at 2, ¶ 3. Thus, the second amended complaint

still contains a defective allegation.

The Court will provide plaintiff one further opportunity to establish the citizenship of all parties and show that the Court has subject matter jurisdiction over this action.

For the foregoing reasons, it is

**ORDERED** that, on or before **5:00 p.m. on December 22, 2017**, plaintiff David H. Hanson shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED December 18, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge