IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01489-PAB-STV

DAVID H. HANSON,

    Plaintiff,

v.

BOSLEY AND BRATCH, INC., doing business as Bosley and Bratch,
BOSLEY AND BRATCH, P.C., doing business as Bosley and Bratch,
RALPH JUDSON BRATCH, in his individual capacity and as an Attorney at Law, Registered Agent doing business as Bosley and Bratch,
THEODORE JARVI, in his individual capacity and as an Attorney at Law, Jarvi and Bratch, Inc., P.C. and Bosley and Bratch, Inc., and Bosley and Bratch (Trade Name), and
RICHARD PALMATIER, JR., Attorney at Law, Arizona Registered Agent and Plaintiff Representative,

    Defendants.

---

## ORDER

---

This matter is before the Court on Bosley and Bratch Defendants' Motion to Dismiss for Failure to File Certificate of Review and for Improper Venue [Docket No. 43] filed by defendants Bosley and Bratch, Inc., Bosley and Bratch, P.C., Ralph Judson Bratch, and Richard Palmatier, Jr.[1]  The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] Although defendant Theodore Jarvi does not join the motion, the Court uses the term "defendants" with respect to movants' arguments for simplicity.

## I. BACKGROUND[2]

This is a legal malpractice action. Plaintiff David H. Hanson retained the defendants to represent him in his application for benefits from the Veterans' Administration. Docket No. 27 at 3, ¶¶ 13-14. Plaintiff alleges that, in December 2016, defendants notified plaintiff that they had missed a critical deadline resulting in the closure of his benefits claim. *Id*., ¶ 15.

On June 19, 2017, plaintiff, acting pro se, filed a complaint against defendants. Docket No. 1. On November 14, 2017, plaintiff, now represented by counsel, filed an amended complaint alleging professional negligence. Docket No. 27. On January 9, 2018, defendants filed their motion to dismiss. Docket No. 43.

## II. ANALYSIS

### A. Plaintiff's Failure to File a Certificate of Review Within Sixty Days

Defendants argue that this case must be dismissed because plaintiff did not file the certificate of review within sixty days after service of the complaint as required by Colo. Rev. Stat. § 13-20-602(1)(a). Docket No. 43-1 at 7. Under Colo. Rev. Stat. § 13-20-602, in an action for damages based upon alleged professional negligence, "the plaintiff's . . . attorney shall file with the court a certificate of review for each . . . licensed professional named as a party . . . within sixty days after the service of the complaint." The certificate of review must declare that the attorney for the plaintiff "has consulted a

---

[2] Unless otherwise noted, the Court accepts all of the amended complaint's well-pleaded allegations as true for the purposes of resolving this motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished).

person who has expertise in the area of the alleged negligent conduct" and that the consulted professional has concluded, based on the review of known facts, "that the filing of the claim . . . does not lack substantial justification." *See* Colo. Rev. Stat. § 13-20-602(3)(a). The Colorado Supreme Court has clarified that "the certificate of review is required only with respect to those claims of professional negligence which require the plaintiff to establish a prima facie case by means of expert testimony." *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992).

Plaintiff argues that he can establish a prima facie case of legal malpractice without expert testimony. Docket No. 44 at 3. In particular, plaintiff argues that an "average juror is not in need of specialized or technical knowledge to know that an attorney is required to file documents by the required deadline." *Id.*; *see also Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo. 1997), *as modified on denial of reh'g* (Oct. 20, 1997) ("[E]xpert testimony is required in negligence cases when the defendant is held to a standard of care that is outside the common knowledge and experience of ordinary persons.").

In their initial brief, defendants accept the facts as pleaded and argue that expert testimony is nonetheless required. Docket No. 43-1 at 6. But in their reply, defendants change tack and argue that plaintiff "can only be relying on a March 21, 2017 Rating Decision" for plaintiff's veterans' benefits claim that states that certain documents "were not submitted timely," which defendants claim is "simply erroneous." Docket No. 51 at 3.[3] The Court disregards this reply argument for two reasons. First, defendants do not

---

[3] Defendants submitted the docket from plaintiff's veterans' benefits case as an exhibit to their reply, Docket No. 51-1, but defendants do not provide the document that

request that the Court convert their request for dismissal under Fed. R. Civ. P. 12(b)(6) based on failure to file a certificate of review into a motion for summary judgment, and the Court declines to do so. *See* Docket No. 43-1 at 3. Therefore, the Court must disregard "matters outside the pleadings" in deciding this issue . *See* Fed. R. Civ. P. 12(d). Second, defendants presented the argument for the first time in their reply.

While defendants may ultimately prove correct about the facts, the Court must accept plaintiff's well-pleaded factual allegations as true for the purposes of deciding defendants' motion to dismiss insofar at it is based on Fed. R. Civ. P. 12(b)(6). *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (citing *Curtis Ambulance of Fla., Inc. v. Board of County Comm'rs*, 811 F.2d 1371, 1374 (10th Cir. 1987)). Here plaintiff alleges that, in December 2016, defendants admitted to him that "they had missed a critical deadline in his [veterans' benefits] case resulting in the closure of [his] claim." Docket No. 27 at 3, ¶ 15. The Court agrees with plaintiff that the relevant standard of care in such an instance is not outside the experience of ordinary persons because it is well known that attorneys should exercise due care not to miss critical deadlines that could result in the loss of their clients' claims. *See O'Neil v. Bergan*, 452 A.2d 337, 342 (D.C.1982) ("The kind of care and skill that can be found within the jury's common knowledge may include typical failures to act; for example, allowing the statute of limitations to run on the client's claim or permitting entry of a default against the client." (citations omitted)); *Allyn v. McDonald*, 910 P.2d 263, 266 (Nev. 1996) ("The situation whereby an attorney has allowed the statute of limitations to run against his or her

---

they quote from and it does not appear on the docket provided.

client's cause of action is an example of the sort of negligence so apparent as to make expert evidence as to the standard of care and deviation therefrom unnecessary."); *George v. Caton*, 600 P.2d 822, 829 (N.M. Ct. App. 1979) ("It does not require expert testimony to establish the negligence of an attorney who is ignorant of the applicable statute of limitations or who sits idly by and causes the client to lose the value of his claim for relief."). Accordingly, the Court finds that expert testimony is not required for plaintiff to state a prima facie case that defendants breached the relevant standard of care and that plaintiff was not required to file a certificate of review. *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 626 (Colo. 1999) (citing *Martinez*, 842 P.2d at 251).

### B. Improper Venue

Defendants also move to dismiss on the basis of improper venue. Docket No. 43-1 at 8. Defendants argue that the allegations in the amended complaint do not show that a "substantial part of the events or omissions giving rise to the claim occurred" in this district as required by 28 U.S.C. § 1391(b)(2). Docket No. 43-1 at 10. Plaintiff's response states that "venue is proper in this Court based on the contract that was executed within the State of Colorado," but, rather than addressing venue, plaintiff incongruously argues that this district has personal jurisdiction over defendants. Docket No. 44 at 1, 6-9.[4]

---

[4] Whether the Court has personal jurisdiction over defendants would be relevant to venue under 28 U.S.C. § 1391(b)(3), but plaintiff does not argue that "there is no district in which an action may otherwise be brought as provided in this section" as required for venue to be proper based on personal jurisdiction in this district. *Id*.; *see also* Docket No. 44 at 1 (plaintiff stating that there are "multiple available jurisdictions . . . in which the courts have jurisdiction over the Defendants").

Under § 1391(b)(2), venue is not limited to the district where the majority of the events or omissions occurred. Rather, § 1391(b)(2) "contemplates that venue can be appropriate in more than one district . . . [and] permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010) ("*Bartile*") (applying prior version of § 1391) (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)). Once venue is challenged, it is the plaintiff's burden to show that venue is proper in the forum district. *See Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998); 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2015) (noting that imposing burden on plaintiff "seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue"). The Court conducts a "two-part analysis when reviewing challenges to venue under § 1391(a)(2)." *Bartile*, 618 F.3d at 1166. First, the Court examines the "nature of the plaintiff's claims and the acts or omissions underlying those claims." *Id*. (citations omitted). Second, the Court determines " whether substantial 'events material to those claims occurred' in the forum district." *Id*. (quoting *Gulf Ins.*, 417 F.3d at 357).

### 1. The Nature of Plaintiff's Claim

Plaintiff's claim for professional negligence includes factual allegations that defendants "agreed to represent" him, that he "completed all necessary paperwork" to begin the representation, and that, in December 2016, defendants "notified" him that "they had missed a critical deadline in his case resulting in the closure" of his claim for

6

veterans' benefits. Docket No. 27 at 3, ¶¶ 12-15. Plaintiff alleges that the missed deadline caused his damages and losses. *Id*., ¶ 16.

### 2. *Whether Substantial Events Material to the Claim Occurred in Colorado*

"Under this prong, the Court must determine 'whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim.'" *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1286 (D.N.M. 2012) (quoting *Crowe & Dunlevy, P.C. v. Stidham*, 609 F. Supp. 2d 1211, 1221 (N.D. Okla. 2009)). "The substantiality requirement is satisfied upon a showing of acts and omissions that have a close nexus to [] alleged claims" that occurred in the forum. *Bartile,* 618 F.3d at 1166 (internal quotation marks omitted). In *Bartile*, an insurance carrier brought suit in the District of Wyoming seeking a declaratory judgment that it was not required to indemnify the defendant for allegedly negligent roofing work he performed on a hotel in Wyoming. *Id.* at 1167. The defendant argued that the "location of the allegedly negligent work is irrelevant to the interpretation" of the insurance contract underlying the indemnification claim, but the Tenth Circuit held that the work was "still part of the 'entire sequence of events underlying the claim' because it forms the basis of [the defendant's] request for a defense and indemnification" and, therefore, was a substantial event occurring in Wyoming that made venue proper. *Id*. (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 43 (1st Cir. 2001).

As noted earlier, plaintiff's response to defendants' venue argument is cast in terms of personal jurisdiction. However, it is possible to glean from plaintiff's response that he believes the following facts justify keeping the case in Colorado: first, that he

7

signed his attorney/client fee contract in Colorado and, second, that defendants sent correspondence to him in Colorado. Docket No. 44 at 6-7. However, "in determining what events or omissions give rise to a claim, the 'focus [is] on relevant activities of the defendant, not of the plaintiff.'" *Goff v. Hackett Stone Co.*, 1999 WL 397409 at *1 (10th Cir. June 17, 1999) (unpublished) (quoting *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)). Plaintiff's claim is centered on defendants allegedly missing a deadline in his benefits case. *See* Docket No. 27 at 3, ¶ 16 ("The closure of Plaintiff DAVID HANSON's claim due to the missed deadline by the Defendants has caused Plaintiff DAVID HANSON damages and losses."). Plaintiff's signing of the contract is not closely related to missing the deadline. Moreover, by the time that defendants contacted plaintiff about the missed deadline, the alleged negligent omission had already occurred. *See id.*, ¶¶ 15-16. Thus, plaintiff's signing of the contract and defendants' communication about the missed deadline were "at most tangential to the underlying legal malpractice claim." *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 557 (E.D.N.Y. 2011) (finding that conversations between the plaintiff and the defendants related to legal representation were not substantial events for the purpose of determining proper venue because there was no "direct relationship" between those events and the malpractice claims). The events that bear a direct relationship to plaintiff's claim are defendants' acts and omissions in representing plaintiff during the period that the malpractice allegedly occurred. *See id.* at 559. Defendants submit a declaration of defendant Richard L. Palmatier stating that the legal work related to plaintiff's representation in 2016 was performed in Arizona, a fact

8

plaintiff does not dispute. Docket No. 43-3 at 5, ¶ 15; *see also* Docket No. 44 at 6.[5]
The Court finds that plaintiff has not shown that defendants' acts or omissions bear a close nexus to the District of Colorado and, therefore, venue is improper.

### C. Whether Transfer is Appropriate

Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendants admit that venue would be proper in Arizona. Docket No. 51 at 9. "Whether to transfer an action or instead to dismiss the action without prejudice is a decision committed to the discretion of the district court." *Murray v. Jewell County, Kan.*, No. 11-cv-00596-DME-KMT, 2011 WL 2601528, at *3 (D. Colo. June 30, 2011) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)). Factors weighing in favor of transfer instead of dismissal include "that the new action would be time barred," "that the claims are likely to have merit," and "that the original action was filed in good faith rather than filed after [the] plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (citations omitted). Plaintiff's claim may be time barred if dismissed because the claim could have accrued in December 2016 and may be subject to a two-year statute of

---

[5] In reviewing a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260-61 (10th Cir. 2012) (quoting 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (2004)). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id*. at 1261 (quotation and citation omitted).

9

limitations. *See* Docket No. 27 at 3, ¶ 15; *In re Porter McLeod, Inc.*, 231 B.R. 786, 795 (D. Colo. 1999) (citing Colo. Rev. Stat. § 13-80-102(1)(a)). While defendants dispute the merits of plaintiff's claim in their reply, *see* Docket No. 51 at 3, they did not raise such arguments in their opening brief and plaintiff has not had an opportunity to respond. *See* Docket No. 43. Finally, there is no reason to believe that plaintiff lacked a good faith basis to believe that venue was proper in this district. *See Furr v. Aguilar*, No. 04-cv-02385-WYD-CBS, 2005 WL 1801627, at *5 (D. Colo. July 28, 2005) (finding venue was proper for a legal malpractice claim against out-of-state attorneys and their law firm for their omission in failing to inform their Colorado client of a settlement offer); *Stewart v. Stoller*, 2008 WL 4168519, at *4 (D. Utah Aug. 28, 2008). The Court concludes that transferring this case to the United States District Court for the District of Arizona is in the interests of justice. *See Reyna v. Shoop*, 2008 WL 4601718, at *3 (W.D. Mo. Oct. 15, 2008) ("'Transfer is preferred to the harsh remedy of dismissal because it avoids any statute of limitations problems and the necessity of filing and serving a new action.'") (citation omitted); *Concrete Industries, Inc. v. Dobson Bros. Constr. Co.*, 2007 WL 1455979, at *4 (D. Kan. May 17, 2007) ("While both dismissal and transfer are available under 28 U.S.C. § 1406(a), transfer is the preferred course."); *see also* 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827 (3d ed. 2011) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.").

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Bosley and Bratch Defendants' Motion to Dismiss for Failure to File Certificate of Review and for Improper Venue [Docket No. 43] is **DENIED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1406(a), this case is transferred to the United States District Court for the District of Arizona.

DATED September 18, 2018.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge